**McGREGOR & WERNER, INC.,**
**Plaintiff-Appellant,**

**EG & G Florida, Inc.,**
**Intervenor-Appellant,**

**v.**

**MOTION PICTURE LABORATORY**
**TECHNICIANS LOCAL 780,**
**I.A.T.S.E., Defendant-Appellee.**

**No. 86–3086.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 22, 1986.

---

**4.** The pertinent section of the discharge statute reads as follows:

  (a) The court shall grant the debtor a discharge, unless

    (1) ....

    Susan K. McKenna, Orlando, Fla., for EG & G.

Jesse S. Hogg, Donald T. Ryce, Jr., Coral Gables, Fla., for McGregor.

Richard A. Manzo, Titusville, Fla., Bernard M. Mamet, Chicago, Ill., for defendant-appellee.

Before ROONEY, Chief Judge, GODBOLD, Circuit Judge, and ATKINS *, Senior District Judge.

---

\* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sit-

**GODBOLD, Circuit Judge:**

McGregor & Werner brought this action against Motion Picture Laboratory Technicians Local 780 in the United States District Court for the Middle District of Florida seeking to set aside an arbitration award in favor of Local 780. EG & G of Florida subsequently intervened. Thereafter Local 780 brought an action against McGregor & Werner in the United States District Court for the Southern District of New York seeking to confirm the same arbitration award. After the New York district court ruled in a preliminary order that it had exclusive jurisdiction, the Florida district court dismissed the Florida action for lack of subject matter jurisdiction.

The New York district court subsequently confirmed the arbitration award. The Second Circuit reversed the New York district court because the district court improperly concluded that the Florida district court lacked subject matter jurisdiction and therefore violated the well-settled first filed rule. *Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16 (2d Cir.1986). Because we agree with the Second Circuit that the Florida district court had subject matter jurisdiction over the action by McGregor & Werner, we reverse and remand.

The Florida district court dismissed the action because it lacked subject matter jurisdiction under the Federal Arbitration Act, 9 U.S.C. §§ 1–14 (1982). The Act provides in relevant part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then ... any party to the arbitration may apply to the court so specified for an order confirming the award.... If no court is specified in the agreement of the parties, then such application may be made to the United

ting by designation.

States court in and for the *district within which such award was made.*

*Id.* § 9 (emphasis added). The agreement here did not specify the court for review of the arbitration award. Therefore, jurisdiction is proper in the federal court in the district within which the arbitration award was made.

The Florida district court, and the New York district court, concluded that the arbitration award was made in New York because the decision was signed, sealed and mailed from New York. This conclusion ignores the fact that every other significant act took place in Florida.[1] The Second Circuit refused to accept the New York district court's literal reading of the statute and held that the arbitration decision was made in Florida. We agree.

In *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers,* 762 F.2d 741 (9th Cir.1985), the Ninth Circuit held that under the Federal Arbitration Act, venue and jurisdiction are proper in the district within which the arbitration hearings were held rather than the district within which the arbitration award was signed and mailed. The court reasoned:

> The residence of the arbitrator, or the location at which he drafts the decision, or the place from which the decision is mailed cannot be determinative of venue. If they were, venue would be subject to fortuitous events that would eliminate all predictability for litigants. If an arbitrator from New York had been chosen to hold the proceeding in Sacramento, and then had written his decision while on vacation in Hawaii, and posted it from his home in New York, the [appellant's] test would leave us at a loss to determine the proper venue. A rule laying venue

where the arbitration is held, however, recognizes that the parties already have indicated that the location is mutually convenient to settle their dispute.

*Id.* at 744. We find this reasoning persuasive. We hold, therefore, that the arbitration award was made in Florida and the Florida district court improperly dismissed the action for lack of subject matter jurisdiction.[2]

REVERSED and REMANDED.

---

1. The employees covered by the collective bargaining agreement were employed in Florida. The agreement was negotiated in Florida, and the parties to the agreement were doing business in Florida. The controversy giving rise to the arbitration occurred in Florida, and the initial grievances were filed in Florida. Most importantly, the arbitration hearing was conducted in Florida by mutual agreement of both parties.

2. We need not address Local 780's res judicata argument. Local 780 argues that the New York district court's decision that the Florida district court lacked subject matter jurisdiction is binding on the Florida district court because the parties had a full and fair opportunity to litigate the issue in the New York court. Because the Second Circuit has reversed the New York district court's decision, it can no longer have any res judicata effect.